BRETT L. TOLMAN, United States Attorney (#8821)
STEPHEN J. SORENSON, Assistant United States Attorney (#3049)
United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, UT 84111

Mary Jo O'Neill AZ #005924
Sally C. Shanley AZ# 012251
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032

Veronica A. Molina NM #7967
Loretta Medina
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189
Telephone: (505) 248-5231

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) COMPLAINT AND ) JURY TRIAL DEMAND |
| Adecco USA, Inc. | ) ) |
| Defendant, | ) Case No. 1:06CV124 BSJ ) ) ) |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the

Civil Rights Act of 1991 to correct alleged unlawful employment practices on the bases

of retaliation and to provide appropriate relief to Jeffrey A. Byard who was adversely affected by such practices.  As alleged with greater particularity in paragraph 8 below, the Commission alleges Jeffrey A. Byard was retaliated against because he has opposed practices made an unlawful employment practice and/or because he has testified or participated in a proceeding protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Adecco USA, Inc. has been a Delaware corporation doing business in the State of Utah and the city of Clearfield, Utah and have

continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Jeffrey A. Byard filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Jeffrey A. Byard was employed by Defendant as an office supervisor from approximately August, 2000 to March 14, 2003.

8.     Since at least January 21, 2003, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant's retaliatory conduct included, but was not limited to, disciplining and discharging Jeffrey A. Byard because he has opposed unlawful employment practices and/or because he testified, assisted, or participated in a proceeding protected under Title VII.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive Jeffrey A. Byard of equal employment opportunities and otherwise adversely affect his status as an employee.

10.    The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Jeffrey A. Byard.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in retaliation.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Jeffrey A. Byard by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, rightful-place reinstatement of Jeffrey A. Byard.

D.      Order Defendant to make whole Jeffrey A. Byard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendant to make whole Jeffrey A. Byard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other nonpecuniary losses in amounts to be determined at trial.

    F.    Order Defendant to pay Jeffrey A. Byard punitive damages for their malicious and/or reckless conduct, described in paragraph 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    RESPECTFULLY SUBMITTED this _____ day of September, 2006.

|  |  |
|---|---|
|  | Ronald S. Cooper<br>General Counsel |
|  | James L. Lee<br>Deputy General Counsel |
| Paul M. Warner<br>United States Attorney | Gwendolyn Young Reams<br>Associate General Counsel |
|  | EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, N.W. |
| _____<br>Stephen J. Sorenson<br>Civil Chief | Washington, D.C. 20507 |
|  | _____<br>Mary Jo O'Neill |
| UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111<br>(801) 325-3243<br>Associated Local Counsel for Plaintiff | Regional Attorney |

Paul M. Warner
United States Attorney

_____
Stephen J. Sorenson
Civil Chief

UNITED STATES ATTORNEY
185 S. State #400
Salt Lake City, Utah 84111
(801) 325-3243
Associated Local Counsel for Plaintiff

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Mary Jo O'Neill
Regional Attorney

_____
Sally C. Shanley
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5032

_____
Veronica A. Molina
Trial Attorney

Loretta Medina
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW., Suite 900
Albuquerque, NM 87102
(505) 248-5231

Attorneys for Plaintiff